UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY BOATWRIGHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10 C 3902 |
| | ) | |
| WALGREEN COMPANY, | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kimberly Boatwright ("Boatwright"), LaFonte McWhite ("McWhite"), Marion Acoff ("Acoff"), Carl Jones ("Jones"), Ernesta Tillman ("Tillman"), Jonathon Bowie ("Bowie"), Carlyle Henderson ("Henderson"), Rose Stevenson ("Stevenson"), and Natalie Meeks ("Meeks") (collectively, "Plaintiffs") bring this putative class action against Walgreen Company ("Walgreens") for alleged "violations of the prohibitions against race discrimination in employment of 42 U.S.C. § 1981." (R. 15, Am. Compl. ¶ 1.) Presently before the Court is Walgreens' motion to strike class allegations from their amended complaint, along with Plaintiffs' motion for leave to file a second amended complaint. For the reasons stated below, Walgreens' motion is denied and Plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs are former Black Walgreens employees who worked at various locations throughout the country. (Id. ¶¶ 8-17.) They allege that Walgreens has "company-wide policies and practices which have targeted Black employees for discharge and disproportionately discharged Black employees." (Id. ¶ 18.) Alternatively, Plaintiffs aver that "Walgreens'

1

subjective methodology for making discharge decisions regarding Black employees has had an unjustified disparate impact on Black employees and facilitated the intent to treat Black employees in a discriminatory manner." (*Id.* ¶ 20.)

Plaintiffs initiated this suit on September 4, 2009, and subsequently amended their complaint on December 23, 2009. (R. 2, Compl.; R. 15, Am. Compl.) The amended complaint ("complaint") presents one claim: an alleged violation of 42 U.S.C. § 1981 ("Section 1981") resulting from Walgreens' purported intentional denial of Plaintiffs' "right to contract with it on the same basis as white employees." (R. 15, Am. Compl. ¶ 166.)

On July 13, 2010, Walgreens filed a motion to strike class allegations from the complaint. (R. 46, Def.'s Mot.) Walgreens asks the Court to strike the class allegations because "Plaintiffs' discharge claims as pled are inherently individualized and not susceptible to class treatment." (*Id.* ¶ 3.) Put differently, Walgreens argues that striking these allegations is appropriate as "there is no plausible basis upon which Plaintiffs could satisfy their heavy burden to certify a class of discharged employees." (R. 47, Def.'s Mem. at 8.)

Approximately two months later, Plaintiffs filed a motion for leave to file a second amended complaint. (R. 61, Pls.' Mot.) In their second amended complaint, Plaintiffs seek to add a Title VII claim, along with additional "factual allegations regarding statistical evidence of a subjective discharge polic[y] and systemwide pattern and practice of discrimination in discharges." (*Id.* at 2, 4.)

## ANALYSIS

### I. Motion to strike

Walgreens asks the Court to strike Plaintiffs' class allegations under Federal Rule of Civil

Procedure 23(d)(1)(D). (R. 47, Def.'s Mem. at 6.) Working in tandem with Federal Rule of Civil Procedure 23(c)(1), Walgreens asserts that Rule 23(d)(1)(D) gives the Court authority to strike Plaintiffs' class allegations. (*See id.*; R. 60, Def.'s Reply at 3. ) Where the unsuitability of the claims for class treatment is apparent on the face of the complaint, Walgreens concludes, striking the class allegations from the complaint is appropriate. (R. 47, Def.'s Mem. at 6.)

While Walgreens invests the majority of its briefing on this motion arguing that there is "no plausible basis upon which Plaintiffs could satisfy their heavy burden to certify a class of discharged employees," what is conspicuously missing from its arguments is a persuasive analysis of Rule 23(d)(1)(D). (*See* R. 47, Def.'s Mem; R. 60, Def.'s Reply.) Contrary to what Walgreens asserts, Rule 23(d)(1)(D) does not provide the Court with a basis to strike class allegations at this procedural stage.

Rule 23(d)(1)(D) provides that in conducting a class action, a court may issue an order that requires "that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). This provision is procedurally inseparable from Rule 23(c)(1)(A), which states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." 7B C. Wright, A. Miller & M.K. Kane, Federal Practice and Procedure § 1795, at 40 (3d ed. 2005) (hereinafter Wright and Miller). "After a determination has been made that a class action is not proper under Rule 23(c)(1), courts typically issue an order requiring that the pleadings be amended to reflect that decision[.]" *Id.* While the issuance of such an order is often done without reference to Rule 23(d)(1)(D), this rule provides courts with the authority to mandate the amendment of the pleadings. *See id.* In short,

Rule 23(d)(1)(D) can be used to remove class allegations from a complaint after the class certification issue has be properly presented and determined by a court. *See id.*; *cf.* Fed. R. Civ. P. 23 Advisory Committee Notes to Subdivision (c)(1).

Here, it is premature to determine whether this suit can proceed as a class action. At this procedural stage, the Court is not equipped with the information needed to conduct the rigorous analysis required to determine whether Rule 23's requirements have been satisfied. *See Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (noting that a rigorous analysis must be conducted to determine whether Rule 23's prerequisites have been satisfied). Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982), a decision denying class status by striking class allegations at the pleading stage is inappropriate. Moreover, Walgreens' reliance on Rule 23(d)(1)(D) as a vehicle to strike class allegations is misplaced. As stated above, this Rule can only be used once the issue of class certification has been properly presented and decided by a court. Because Plaintiffs have not moved for class certification, the issue has not been properly placed before the Court. Put succinctly, Rule 23(d)(1)(D) is useless to Walgreens at this point.

Other courts have rejected similar preemptive attacks on putative classes prior to class certification proceedings. *E.g., In re Sony PS3 Other OS Litig.*, No. C 10-1811 RS, 2011 WL 672637, at *6 (N.D. Cal. Feb. 17, 2011); *Martin v. Ford Motor Co.*, No. 10-2203, 2011 WL 570021, at *6-7 (E.D. Pa. Feb. 15, 2011); *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1236 (S.D. Cal. 2009); *Romano v. Motorola, Inc.*, No. 07-Civ-60517, 2007 WL 4199781, at *3 (S.D. Fla. Nov. 26, 2007). Because this Court also rejects Walgreens' preemptive attack, its motion to

strike class allegations in denied.

## II. Motion for leave to amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given "when justice so requires"; the rule, however, expressly grants a plaintiff leave to amend her complaint "once as a matter of course before being served with a responsive pleading." *Foster v. DeLuca*, 545 F.3d 582, 583-84 (7th Cir. 2008) (internal quotation marks and citations omitted); Fed. R. Civ. P. 15(a). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)).

As noted above, Plaintiffs seek to add a Title VII claim, along with additional "factual allegations regarding statistical evidence of a subjective discharge polic[y] and systemwide pattern and practice of discrimination in discharges." (R. 61, Pls.' Mot. at 2, 4.) Walgreens opposes any amendment to the complaint, and asks the Court to "exercise its discretion to deny leave to amend because the proposed amendments to add Title VII disparate treatment and disparate impact class claims would be futile." (R. 63, Def.'s Mem. at 4.) Specifically, Walgreens argues that amendment would be futile because: (1) "Boatwright cannot represent a Title VII class comprised of employees discharged by Walgreens"; (2) Plaintiffs' proposed Title VII disparate treatment class claim is deficient because it fails to satisfy the requirements of Rule 23; and (3) Plaintiffs' proposed Title VII disparate impact class claim does not identify a "particular employment practice" susceptible to disparate impact analysis. (*Id.* at 4-7.)

5

The Seventh Circuit has stated that an "amendment is futile when it 'merely restates the same facts using different language, or reasserts a claim previously determined.'" *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (quoting *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983)). An amendment may also be futile when it "could not withstand a motion to dismiss," *id.*, or if it would not survive a motion for summary judgment. *Sound of Music Co. v. Minn. Mining and Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007).

Based on the briefing currently before the Court, it is not clear that the proposed amendments to the complaint are futile. The arguments Walgreens sets forth in opposing Plaintiffs' motion do not convince the Court that the proposed amendments would not be able to survive a motion to dismiss or a motion for summary judgment. While these arguments may carry the day at a later point in this litigation, they are unpersuasive at this stage. If Walgreens believes there are fatal deficiencies in Plaintiffs' proposed second amended complaint, it should avail itself the proper procedural mechanisms for testing Plaintiffs' case. Given Rule 15's liberal approach to amendments, the Court will allow Plaintiffs to file their second amended complaint.

## CONCLUSION

For the reasons stated herein, Walgreens' motion to strike (R. 46) is DENIED. Plaintiffs' motion for leave to file their second amended complaint (R. 61) is GRANTED. The parties shall appear for a status on March 23 at 9:45 a.m.

Entered:

**Judge Ruben Castillo**
**United States District Court**

**Dated:** March 4, 2011